versus Markowski. Good morning, Mr. Roslander. I'm here on behalf of the appellant Veronika Markoski. This case is about entitlement to an award of fees under the International Child Abduction Remedies Act. More specifically, at least in the first issue, the first instance, the first issue is how to construe the statute that, minding that I'm not quoting it expressly, that it basically says necessary expenses should be awarded to the prevailing party unless deemed clearly inappropriate. You don't dispute the award of attorneys, the amount of the attorney's fees? That's correct, Your Honor. It was heavily disputed below, but not on appeal. Just the entitlement to the fee? That's correct. We litigated and did get a reduction in the amount. We're strictly disputing the entitlement issue here today on appeal. So Mr. Rath is entitled to an attorney's fee unless it's determined that an award is clearly inappropriate? Yes, that is the statutory standard. In our view, the court should align itself with the decisions of the First and particularly the Second Circuit in Osseltine, which essentially determined that the phrase clearly inappropriate imports into the statutory rubric what I'll essentially call the Fogarty Factors or the What do you think the discretion of the trial court is here? The reason I raise the question is when you look at the way Congress framed this fee-shifting provision, it's very interesting and different from almost any other fee-shifting provision you can find. It says any court ordering the return of a child pursuant to an action brought under Section 9003 of this title shall order the respondent to pay, blah, blah, blah. It doesn't say may, could, should. The command of Congress is not precatory. It's as clear as a bell. And the only exception would be if the court were to find that the award not only was inappropriate, but had to be really inappropriate. They used the adverb clearly inappropriate. So the district court is boxed in and cabined. Doesn't mean he has no discretion, but it isn't broad, robust discretion that we might normally accord the district court in deciding whether to make the loser pay. Here, you got to award it unless you clearly find it was inappropriate. So the discretion is limited, is it not, by the text itself of this statute? Well, first I would say, not that you need my agreement, Your Honor, but in writing the briefs I certainly combed other statutes in order to try to determine whether there was one akin to this, and there's not one immediately akin. That said, however, I would urge that the court should provide guidance because certainly in Ozeltein, what the court seemed to be saying in the Second Circuit is that the equitable principles that are imported here mean, in essence, that if the parent who removed the equity can attach and in fact defeat the mandate of the word shall in the statute. So that, in essence, what Ozeltein is saying is it's worked through, Your Honor, the analysis that the court just conducted and said, well, it does say shall on the one hand, but on the other hand, clearly inappropriate does import. It's another way of saying there's a strong presumption here that fees are going to be awarded. It is rebuttable, but only if you can show that it's clearly inappropriate. Having said that, we review the district court decision only for abuse of discretion, right? Abuse of discretion, which I would urge on the court, amounts to a hybrid standard here. There is something close to, though not always evoked as de novo when it comes to the propriety of the application of law to the facts, and then, of course, the clearly erroneous standard applies as to the facts themselves. And so here, my argument is that, number one, the standard was not clearly, the standard of law was not clearly applied by the district court. The district court really didn't express that there was objective unreasonableness in Ms. Fuchs' factual or legal foundation for believing that the child's habitual residence was not in the Czech Republic. Rather, the court focused on two elements of the fact pattern involving the departure and the subsequent filing in the United States of the- Well, but wasn't there a finding of bad faith? Well, there was a finding, a statement that her good faith was belied by those two elements. The judge rejected, the trial judge rejected the testimony of your client and accepted the other's credibility, and that was affirmed by this court when it heard the underlying merits of the case. So don't we have, I mean, why isn't that enough for a district court to be well within its ambit of discretion to say it wasn't clearly, that you haven't established that it's clearly inappropriate? Well, my argument, Your Honor, is that the two features of the record that were focused upon, the circuity characterization of the departure and then later filing a custody petition and then withdrawing it, of course, which was not mentioned, but that those two elements are clearly explainable. One is that there's really no question in this record that, and there were, there was a significant amount of testimony, of course, but that my client feared the child's father and what she might, what might occur in terms of her departure, a departure that she reasonably believed that she could do because she believed at the time, and again, hindsight is 20-20, of course, but at the time, she believed that the child was essentially stateless, that there was not a country of which he was habitually resident and that Mr. Rath was not exercising custodial rights. I guess what I'm asking is when we, accepting that we have to review this for abuse of discretion, Judge Merriday said on page two of his opinion, and I quote, Markowski argues that a purported good faith belief in the lawfulness of LNR's removal renders the, an attorney's fee clearly inappropriate in its action. In fact, Judge Merriday writes, the record belies Markowski's good faith defense and then he says, for example, in the last minute circuitous nature of Markowski's return to the United States suggests an intent to abscond with LNR and several of Markowski's statements confirm that she attempted to seek a more favorable resolution in a Florida court after the couple's relations ended and so on. But the judge, the judge is rejecting it because he finds no good faith, he finds the opposite here. I just want to know why that's an abuse of discretion as a reason to reach the conclusion that the fee shifting is appropriate. In our view, it is an abuse of discretion because under the Oseltine standard, it should be a review of the record as a whole. It should not be a couple of examples that really are not indicative of the record as a whole. And so that was really the urgency of the position is that one cannot effectively, without abusing one's discretion, we clearly need to argue that, one cannot effectively pick elements of the record without analyzing the record as a whole. Wouldn't that be more compelling if we didn't already have a ruling on those underlying determinations on round one? Well, Your Honor, I'd argue against that chiefly because the issue of habitual residence and wrongful removal under the Hague Convention and the significant law of this circuit and otherwise doesn't involve ultimately in many cases and certainly doesn't equate with good or bad faith of the individual who does the removing. So that the finding of facts for one legal purpose is not the equivalent of finding the facts for whether or not in retrospect or before that finding was made that the parent doing the removing was clearly unreasonable in her understanding of the facts or the law. And this record, in our view, again, without contesting the facts that were found for purposes of habitual residence, this record, in our view, was akin to Oseltine chock full of indicators of the reasonableness of Ms. Markoski's actions in the sense that- I guess, let me rephrase my question. The problem I'm having is it doesn't look to me that I can revisit that question de novo at this point. I had a ruling from the district court. It went up to the circuit. The circuit said amen and affirmed. And it seems to me that I'm not in a position where I can reconsider these findings and the ultimate conclusion that Jones was credible and Smith was not and Smith didn't act in good faith. I don't see how I can revisit that when the law of the case seems to me to have resolved that and I don't see any exception to law of the case. I may have missed it. So tell me, how do I revisit what you want me to revisit? Your Honor, the Court of Appeals decision does not address good or bad faith because it did not need to. The Court of Appeals decision says, in so many words, more than mine, there was a credibility determination after a lengthy trial and we chose to believe that certain aspects of this very complex factual record. We chose to believe Mr. Rath regarding those and so as a consequence, the habitual residents . . . What the circuit says is the district court found that Mr. Rath was credible, Ms. Markoski was not credible and provided detailed reasons for its view of the evidence on imported disputed issues including whether they were living together. We owe the district court's assessment great deference when the trial court rules and has heard the evidence on credibility. There can virtually never be clear error in the finding. Deference is warranted especially here because Mr. Rath asserted first-hand knowledge of the many relevant facts. That's what the circuit says. Correct. And contextually, Your Honor, the determination regarding credibility was associated with very particularized facts, highly contested. We did not prevail. Mr. Rath prevailed. Highly contested facts regarding the permanency of the relationship particularly in terms of the residential, the living together component of it, the cohabiting component of it. And so, our contention is that in the first instance, law of the case would apply to the habitual resident's determination based upon those facts. But there is a distinct determination to be made here as to whether or not the fee award is clearly inappropriate based upon Ms. Markoski's objectively reasonable understandings regarding the circumstances. And so, the questions in the sentence are twofold. One is addressing the Court of Appeals issue, which I just tried to do. And then the second issue is whether or not that standard was applied and whether it was an abuse of discretion by the district court in focusing only on two elements of the record to find that there was an objectively unreasonable or bad faith conduct by Ms. Markoski. I see that I'm over and I'll await . . . You'll reserve the full rebuttal time. Thanks very much. May it please the Court. My name is Joseph Kenney. I'm here on behalf of the appellee, Mr. John Rath. As Your Honor noted, 90073 says that the fees and expenses should be awarded to the prevailing petitioner unless the respondent can show that that award would be clearly inappropriate. And the Oseltine case that the appellee cites to makes it clear that that section essentially shifts the burden to the losing respondent to show that fees should not be awarded. And so, it is the burden of Ms. Markoski to point to something in the record. Of course, that's a Second Circuit case that we're not bound by and we can establish our own standard to determine when an attorney's fee award under this statute is clearly inappropriate, can't we? Well, certainly, Your Honor, this case . . . this Court is not bound by the Second Circuit, but the Oseltine case merely reflects exactly what the text of the statute says. And so, when it comes to what the statute would require, it clearly indicates that there's a requirement of the responding party to show that the fees should not be awarded. Let me ask the question this way. The Second Circuit says in Oseltine, following basically the First Circuit's reading, that clearly inappropriate allows the district court broad discretion. You may be right even if we read the district court as having broad discretion, but as I look at the statute, it looks to me like the district court's discretion is not broad, but it's narrow. And it's narrow first because the statute says you shall award, and the only exception is if you find that it's clearly inappropriate. So, the district court has the discretion to rebut the strong presumption of shifting the fee, but there's got to be a whole bunch of evidence to do it. Isn't the district court facing a more limited set of review under this statute than might otherwise obtain in fee shifting? Well, certainly, Your Honor, that's exactly right. You know, this . . . I'm just asking whether the Second Circuit's got the right balance. You know, Your Honor, I . . . Because we've never said anything about exactly what this statute means. The First Circuit has, and the Second Circuit has, and they suggest the district court has broad discretion, and it looks to me like the discretion, while it's real, perhaps isn't quite so broad. Well . . . Have I misread this? No, Your Honor, and I think, you know, I don't think, and I don't read the Oseltine case as charting any really new territory. It's recognizing that there is a presumption and then a way out. But the Oseltine case is an opposite. I mean, what you have in that case is a mother who is relying upon these Turkish court orders, which the court acknowledges, at least implied strongly, that the mother could relocate to the United States. And so, yes, she is wrong, and the court ultimately chooses to return the child based upon the application of the law, but it does note that the mother was essentially trying to follow the orders of the Turkish courts, and it also observes that the husband there was maybe not playing fair, because he did try to pursue a Hague case in Turkey, and then he was essentially trying to take advantage of the circumstance. And so I think that the court in Oseltine is able to take a look at the record and say the law requires the removal of the child, but there are some factors here that mitigate against the award of fees. Now, in this particular case, the argument that Ms. Markoski is presenting is very different, and I think in this case she just runs headlong into the standard of review, because what you have here is Ms. Markoski is not contesting the amount of fees, she's really contesting these factual issues, their contested factual issues that were resolved against her at trial. And I argue that Ms. Markoski's burden was to point to some items in the record that would show that the award would be clearly inappropriate. Now that record is essentially the findings that the Disher court made. You've got to be able to point to that. This does not allow Ms. Markoski to reach down into the trial and pull up contested issues that have already been affirmed on appeal and then say, but if you take a look at the evidence in the light most favorable to me, notwithstanding the fact that these issues were resolved against me, that you can make out some mechanism of good faith. Now that's not meeting an abuse of discretion standard. And I would point out the other case that the- We could not look at this record and say that that determination that she did not have a mistaken or reasonable belief that she could return to the United States. We couldn't look at this record and say, well, that's a clearly erroneous determination on the part of the district court. Well, I think there'll be a real problem with that, Your Honor, because see, in this particular case, the entire case turned upon whether the parties had a settled intent to raise the child in the Czech Republic. And in order to do that, the parties presented divergent factual circumstances. And what happens is, is Ms. Markoski has her set of facts that she says clearly indicated that she always intended to move back to the United States. Mr. Rath presented- She had more than just her own testimony. She supported it with a declaration of intent that was signed by Mr. Rath that purports to allow the child to be raised in the United States. And also, Mr. Rath agreed to have the child vaccinated in the United States. Okay. So, you know, one of the issues here, those issues were specifically raised in the trial proceedings. And with respect to the declaration of intent, the district court found that that declaration of intent was only an indicator of the parties, both of their desire to have Eleanor, the child, have dual citizenship. Similarly, the court doesn't make any specific finding that the parties delayed vaccination because there was an intent to raise the child in the Czech Republic. On the contrary, what the court finds over and over again, despite all the items that Ms. Markoski raises, is that from the birth of the child all the way up until the child's- old, I think it's January 2016, until the party separation, they shared an intent to raise the child in the Czech Republic. Now, the court cannot have arrived at that determination if it is now going to believe that all along Ms. Markoski really had a good faith belief that she was going to always live in the United States. So you could not find that they intended to have the child raised in the Czech Republic and at the same time find that the attorney's fees are clearly inappropriate? It would be- under the way that this fact pattern lays out and the argument that Ms. Markoski brings, Your Honor. Because the First Circuit in Wayland said, well, there are other factors other than bad faith that could result in a finding that an attorney's fee is clearly inappropriate as well. Well- Failure to make child support payments, for example, right? Certainly, Your Honor. There may be other factors, but the factors that are raised- Were they raised here in this case? No. Other factors include the inability to pay the fees or that awarding fees might affect the ability to care for a child. Was any of that raised in this case? None of those issues are raised. As a matter of fact- The kinds of equitable issues that other courts have- Correct. The fees have already been bonded. There is no issue with payment. There's no issue with support of a child. So, you know, the only issue, and that's really the way this appeal is presented, the to the trial court, and then Ms. Markoski asserted that the magistrate got the facts wrong, and then the district court- Let me ask the question this way. Your counsel, your colleague argues that even though she lost on the merits, the case was a close one. It wasn't a slam dunk, and therefore, given the closeness of the case, the fee award would be inappropriate here. Your Honor, the problem, again, is if the- Ms. Markoski came in with an issue like you where the reason why she's running and leaving, I believe it's Singapore, is because she was being abused, okay? And so there were some mitigating circumstances that can be looked at, but the reason why Ms. Markoski runs into such a difficult time here is because she's coming to the court and saying, look, here are some facts which you ought to look at in the light most favorable to me. But the problem is that the district court has already passed on those facts. So if this court is going to take a look at those very same facts and say, yes, the declaration of intent looks like she could have believed that she was going to be able to return to the United States to raise the child, the problem that that is directly contrary to what the district court already held, already found. And so, you know, the way they presented their arguments, she has very little room to- Are we bound by the law of the case to the notion that she proceeded in bad faith or at least not in good faith? Well, Your Honor, here's- Or is that open to review by us now on this record on the fee shifting issue? Your Honor, I think when you're pointing to the bad faith or the issues that she raised belie her actions in good faith, I think that was the district court's fee ruling. OK, so that's- there was no specific bad faith. The reason I raise it is on round one, where the child goes was litigated. The magistrate judge disbelieved one party, believed the other party, found that one party did not proceed in good faith. The district court affirmed that and the circuit affirmed that. And I'm simply asking whether that's open for review or whether that's beyond our pale at this point in looking at the fee shifting. Well, Your Honor, certainly it's our position that the factual findings are ensconced in the case. Those are the factual findings from which the court is confined. OK, so that's law of the case. You say that binds us now. That's correct. We can't revisit that. We have to start with that and then ask whether the determination amounted to an abuse of discretion. Well, I think even if one was to argue that there is no law of the case as to those facts, the problem is you couldn't even overcome the clear error doctrine anyway because those findings were made by the district court. And so, you know, clearly those findings are going to be supported by evidence. So any which way you want to slice it, the findings of the district court represent the to point to elements in the record that would show that it would be unreasonable to award the fees. She hasn't done that. Counsel makes the argument that those findings were made in order to support the habitual residence issue alone. Your Honor, those findings, they went to the issue of habitual residence, but those findings are the findings that were found by the district court and were the findings that the district court relies upon in order to determine whether or not it's going to award fees. So as I indicated before, even if, which I might argue that this is law of the case, but even if that wasn't the case, you still have a circumstance where you have to show clear error and the district court relying upon its previous findings, which are not contested, they are, they have been affirmed, at that point in time, the district court cannot commit clear error by relying upon those findings. So Ms. Markoski has . . . So refresh my recollection now. The district court says I'm going to, an award of attorney's fees is clearly appropriate in this case because I'm finding that there was bad faith with regard to habitual residence issue? I don't think that the burden was actually presented like that. I think what happens is the court says we are required to award fees unless Ms. Markoski can show that the fees would be clearly inappropriate and she hasn't done that. And so with that, we would ask for the court to affirm the opinion of the district court. Thank you. Your Honor, a few things, probably too many for rebuttal, but I'll do my best. One is that the . . . Is there anything other than mistake of law that you can rely upon in order to argue that the award of attorney's fees is clearly inappropriate? Anything else? Yes, Your Honor, because what we're arguing as to those two elements that the district court found in his fee order, he lied good faith. We're arguing in our briefs, we hope persuasively, that there were logical reasons quite apart from anything related to habitual . . . Residents, which was what was that issue before. What would that be? That very, very quickly, that the number one, this is routine travel. It was not circuitous. Travel from Prague to Munich, which is sort of like taking a drive from North Miami to Palm Beach International Airport to get the flight you want, is fairly routine. It's nothing circuitous. Going to London to meet on business, Ms. Markosik had business there, and then flying to the United States with your child from there is not circuitous. Number one, we do contest that characterization. Undoubtedly. Let's talk about what you're doing. That's not a proposition of law. You are saying that the district judge's findings of fact were clearly erroneous, are you not? As to that, as to that . . . I mean, specifically to the extent that the district judge finds expressly in this fee order that Markowski did not proceed in good faith regarding the lawfulness of the removal of the child, you say that finding is clear error. Do I have that right? Yes, but just to tinker with what Your Honor just said . . . I'm just reading from the trial court opinion. The trial judge says, I'm going to read exactly what his words were. First, Markowski argues, I read this before, that a purported good faith belief in the lawfulness of NLR's removal renders an attorney's fee clearly inappropriate in this action. That's stating your argument. He answers it this way. He says, in fact, not a question of law, in fact, he says, the record belies Markowski's good faith defense. And then he gives an example of why. He references, quote, the last minute circuitous nature of Markowski's return to the United States, suggests an intent to abscond with LNR, and he doesn't rest on that. And then he supports it, saying, several of Markowski's statements confirm that she attempted to seek a more favorable resolution in the Florida State Court after the couple's relationship ended. He cites those in support of his finding that your client did not proceed in good faith. But the trial judge plainly says, no good faith here. And you're challenging that, and you're saying that's clear error. Do I have that right? Your Honor, I think I'm compelled by the standard of review. And this is putting aside all the discussion, which I think is legally inaccurate as to law of the case and the standard. Right. No, I understand. I'm holding aside any law of the case issue, and I'm just talking about as to the fee thing. Doesn't the judge make a finding, and don't you have to say that finding of fact is clear error in order to prevail? We make two. But do I have that right? In order for you to prevail, you got to say this was clear error. And I am arguing, in fact, that those two elements are both factually erroneous. They were clear error as to drawing the conclusion that she was acting in bad faith regarding habitual residence by virtue of those two fact findings. Because those two fact findings are not accurate in this record as we argued in the briefs with a very lengthy footnote in part in the reply brief. Unfortunately, too lengthy perhaps. But that's correct, Your Honor. I am arguing that those two factual elements, though I do not believe overall in the record those would suffice to demonstrate bad faith on Ms. Marcosi's part, that factually those two things are erroneous factual determinations. It was not a circuitous, secretive departure. And we larded the brief with facts with respect to that in terms of the arguments we made. And in addition as to the custody petition that was filed, we argued that factually Ms. Marcosi came to the United States with the child with no formal records as to custody, obtained advice of counsel, filed a custody petition, and then in fact as soon as the Hague petition was filed by Mr. Rath, she withdrew the custody petition, in fact allowing him to go forward with his, let's say, competing custody petition in the Czech Republic. So our argument is yes, that there were factual explanations that are sound for both of those things, both of those episodes, apart from the characterization or conclusion regarding them that they implicate a lack of good faith by Ms. Marcosi in removing the child. Because in fact she believed that based upon this entire record that she did have a reasonable basis for removing the child from the Czech Republic, that the Czech Republic was not to her understanding, hindsight being 20-20 aside based upon the rulings, to her understanding factually, she did not factually believe that the Czech Republic was the child's habitual residence. And so my argument to your honor is multi-tiered. One is that there is no law of the case here. Ozeltyn says fairly bluntly, on different facts, but fairly bluntly that if the removing party had a reasonable basis for the removal, that is an equitable foundation for not granting fees, for finding the fees are clearly inappropriate. That's the position of the Second Circuit. We don't have a clear analysis. We do not have analysis in published or non-published form from this court regarding that. The second argument, so that I'm really not faulting the district court for not applying a standard that has not been clearly enunciated yet as precedent by this court, but I am saying that the overall application of Ozeltyn to these facts would demonstrate that despite the ultimate finding regarding habitual residence, that there was a reasonable basis in fact and understanding in law by Ms. Markoski to remove the child. So that law of the case does not apply. It's a different issue. And there was, again, dramatic evidence to bolster that reasonable belief. The declaration of intent, yes, for purposes of habitual residence, the magistrate judge concluded that it was about dual citizenship, but it does say on its face that it's in the best interest of my son to be a citizen of the United States to grow up experiencing American culture and knowing the English language. That declaration was executed. Counsel, if you could sort of bring your remarks to conclusion because we're over the time. It was notarized coincident to assisting Ms. Markoski in getting a U.S. passport for the child. So in sum, our view is that there is no law of the case. There was a reasonable basis for, in fact, and law for Ms. Markoski to remove the child. And we would urge as well that under the case law we've cited of this circuit, there was no basis for a in law for a bad faith finding. And that should be stricken, if nothing else. Thank you very much, counsel. Thank you. Both this court will be in recess until 9 a.m. tomorrow morning.